UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AH MIN HOLDING LLC,
    Plaintiff,

v.

No. 3:10cv1410 (SRU)

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, et al.,
    Defendants.

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

    The plaintiff, Ah Min Holding LLC ("Ah Min"), moves for reconsideration of my ruling vacating the preliminary injunction ordered on September 16, 2010 (doc. # 33). Ah Min argues that I did not consider, because the parties did not raise, the issue that the plaintiff will be irreparably harmed by the defendants' failure to notify properly the current owner of the Clay Hill Apartments of the defendants' foreclosure sale. Specifically, Ah Min contends that the defendants included the wrong foreclosure date in its notice to the Clay Hill Apartments' current owner, which clouds the property's title and may prevent Ah Min from obtaining title insurance.

    The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to re-litigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,

1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

To begin, Ah Min did not previously plead the claim underlying its motion for reconsideration. In its complaint, Ah Min alleges only that the defendants failed to notify "'all persons holding liens of record upon the security property' in accordance with § 3708(1)(c) of the [Multifamily Mortgage Foreclosure Act]." Cmplt. ¶ 7 (doc. # 1). Ah Min's suit concerns whether the defendants gave proper notice of the foreclosure sale to tax lien holders, and not the current owner of the Clay Hill Apartments; indeed, the complaint is bereft of any reference to the inadequacy of the defendants' notice to the property's owner. Although neither Ah Min's complaint nor its opposition to the defendants' motion to lift the preliminary injunction raised this issue regarding the adequacy of the defendants' notice, I will nevertheless address the merits of Ah Min's motion for reconsideration.[1] *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) ("[P]laintiffs who failed to include a claim in their complaint can move to amend the complaint; if summary judgment has been granted to their opponents, they can raise the issue in a motion for reconsideration.").

Ah Min's motion for reconsideration is denied for the same reason that I vacated the preliminary injunction: there is inadequate proof of irreparable harm. Ah Min does not explain how a preliminary injunction will cure whatever injury is threatened by the defendants' purportedly inadequate notice to the Clay Hill Apartments' current owner. Should Ah Min succeed on its motion for reconsideration, the defendants would be barred from terminating the closing and thereafter holding another foreclosure sale. It would seem, however, that if title is

---

[1] Ah Min has moved to amend its complaint. *See* doc. # 26. The proposed amendment, however, does not allege inadequate notice to Clay Hill Apartments' current owners.

truly clouded by the defendants' improper foreclosure notice, then Ah Min, like the defendants, would want the preliminary injunction vacated in order to free it from buying property under uncertain circumstances. If Ah Min cannot secure title insurance, then the last thing it would want is an injunction forcing it and the defendants to continue with the sale of the Clay Hill Apartments. Should the motion for reconsideration be denied, the defendants can cancel the closing and Ah Min can walk away from a potentially precarious deal; if the injunction is reinstated, however, that option would not be available.

Finally, I note that it is unclear how the relief Ah Min ultimately seeks in its complaint — an injunction forcing the sale to go forward and a declaratory judgment regarding how liens against Clay Hill Apartments will be paid — squares with its new claim regarding the defendants' improper notice to the property's current owner. Ah Min originally filed this suit to ensure that the sale of the Clay Hill Apartments would proceed and that the defendants, rather than Ah Min, would be responsible for paying outstanding taxes against the property. The argument raised on this motion for reconsideration would seem to warrant an opposite remedy: a cancellation of the sale that ultimately moots whether the defendants must pay the disputed taxes. Ah Min does not offer any explanation for this apparent shift in position or how exactly this new claim requires reinstatement of the preliminary injunction to maintain the status quo.

In light of Ah Min's failure to demonstrate an irreparable harm, the motion for reconsideration (doc. # 41) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of December 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge